UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BANGOR SAVINGS BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00652-JCN |
| | ) | |
| DARLING CONSULTING GROUP, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Bangor Savings Bank moves the Court to enjoin further proceedings in an arbitration action commenced by Defendant Darling Consulting Group (DCG). (Motion, ECF No. 39.) Defendant opposes the motion. (Opp'n, ECF No. 46.)

After considering the parties' written and oral arguments, the record in this matter, and the applicable law, the Court grants in part the motion.

**BACKGROUND**

In December 2025, Plaintiff commenced this action against Defendant, seeking damages for breach of contract, negligence, breach of fiduciary duty, and negligent misrepresentation. Each of the claims relates to a series of agreements executed between the parties, over the course of nearly twenty-five years, pursuant to which agreements Defendant agreed to provide asset-liability management (ALM) services to Plaintiff.

Defendant filed a demand for arbitration with the Boston, Massachusetts office of the American Arbitration Association, naming Plaintiff as respondent and invoking the arbitration provision of a Master Services Agreement (MSA) that Plaintiff and Defendant

executed in August 2020. In the arbitration proceeding, Defendant asserted seven claims: (1) breach of contract; (2) tortious interference with contracts and business relations; (3) breach of the implied covenant of good faith and fair dealing; (4) enforcement of the MSA's arbitration provision; (5) negligent misrepresentation; (6) breach of confidentiality; and (7) commercial disparagement/business defamation.

Defendant moved this Court for an order compelling arbitration of the claims set forth in Plaintiff's complaint and staying or dismissing this case pursuant to 9 U.S.C. §§ 3-4. In June 2026, the Court denied the motion to compel arbitration, concluding that the claims set forth in Plaintiff's complaint were not claims that the parties had agreed to arbitrate under the MSA. (Order, ECF No. 32.) Defendant appealed from the decision to the United States Court of Appeals for the First Circuit. That appeal is pending.

According to Plaintiff, the arbitrator convened a preliminary hearing in July 2026, at which time Defendant advocated for moving forward on its claims in the arbitration, and Plaintiff argued that none of Defendant's claims was arbitrable because none arose under the MSA. Plaintiff argued that the arbitration proceeding should be stayed pending the outcome of Defendant's appeal concerning the scope of the MSA's arbitration provision. The arbitrator expressed the view that there was likely something in Defendant's arbitration demand that was arbitrable and concluded that it would be unfair to stay the proceedings pending the outcome of Defendant's appeal. Over Plaintiff's objection, the arbitrator ordered the parties to submit proposed scheduling orders.

Plaintiff asks the Court to enjoin further proceedings in the arbitration matter because the claims asserted by Defendant in the arbitration action are essentially the same

claims that were the subject Defendant's motion to compel arbitration, which motion this Court denied.

## LEGAL STANDARD

The parties' arguments focus on the multi-factor framework that applies to a request for preliminary injunctive relief. Under that framework, a district court ordinarily evaluates:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004); *accord Graham v. Smith*, 292 F. Supp. 2d 153, 156 (D. Me. 2003) (employing same four-factor rubric in evaluating request for preliminary injunction against a pending arbitration proceeding).

While the Court will assess the motion as briefed by the parties, Plaintiff's motion can also be viewed as a request to enforce the Court's order denying Defendant's motion to compel arbitration. The Court will discuss the enforcement of the order below in the context of Defendant's challenge to the Court's jurisdiction to consider Plaintiff's motion.

## DISCUSSION

### A. Jurisdiction & Enforcement of Order

Defendant contends that this Court lacks jurisdiction to consider the motion because the requested relief implicates aspects of the case involved in the pending appeal. In support of its argument, Defendant suggests that the requested injunction would

inappropriately give effect to the order that is the subject of the appeal. (Opp'n at 3.) Defendant's argument is unconvincing.

Defendant's argument is grounded in the so-called *Griggs* rule, which provides that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This principle, also known as the divestiture rule, *United States v. Rodriguez-Rosado*, 909 F.3d 472, 477 (1st Cir. 2018), "reflects a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). "But because the judge-made divestiture rule isn't based on a statute, it's not a hard-and-fast jurisdictional rule." *Rodriguez-Rosado*, 909 F.3d at 477. Instead, the rule is "rooted in concerns of judicial economy, crafted by courts to avoid the confusion and inefficiency that would inevitably result if two courts at the same time handled the same issues in the same case. Hence, its application turns on concerns of efficiency and isn't mandatory." *Id.* at 477-78 (citations omitted).

In deciding whether to consider Plaintiff's motion, the Court is mindful that a trial court's order typically takes effect despite a pending appeal from that order. *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) (citing Fed. R. Civ. P. 62; Fed. R. App. P. 8(a)). Unless the order is stayed, a trial court may ordinarily enforce an order that is subject to a pending appeal. *See Acevedo-Garcia v. Vera-Monroig*, 368 F.3d 49, 58 (1st Cir. 2004) (concluding that divestiture rule "has no bearing on a court's power to hold a party in contempt for violating a court order related to execution on a judgment" while an appeal

of that judgment is pending). Courts and legal commentators have also observed that although a trial court might be divested of jurisdiction to act on aspects of a case involved in an appeal, the trial court is not precluded from issuing relief to preserve the status quo. *See* 16A Wright & Miller's Federal Practice & Procedure § 3949.1 n.48 (5th ed.) (collecting cases supporting this principle); *see also Cunningham v. Lyft, Inc.*, No. 1:19-cv-11974-IT, 2020 WL 2616302 (D. Mass. May 22, 2020) (evaluating defendants' motion to stay proceedings and plaintiffs' motion for injunctive relief on the merits following appeal from order denying defendants' motion to compel arbitration, concluding that court had authority to consider both motions, granting defendants' motion and denying plaintiffs' motion); *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 182 F. Supp. 3d 1065, 1072 (E.D. Cal. 2016) ("The court . . . retains jurisdiction to preserve the status quo and ensure the effectiveness of its judgment, despite the pending appeal in this action.").

These sound principles persuade the Court that consideration of Plaintiff's motion is appropriate, despite the pending appeal. The Court's order denying Defendant's motion to compel arbitration is in effect until either this Court or the First Circuit stays, vacates, or alters the order. As a necessary corollary, this Court may enforce the order. Indeed, if a court could not enforce an order that is the subject of an appeal, a party in Defendant's position could conceivably achieve the relief that the party was denied (in this case, the arbitration of the parties' dispute) simply by filing an appeal.

Regarding enforcement, Defendant contends that the order denying the motion to compel arbitration did not address the claims that Defendant has asserted in the arbitration

proceeding. As described by the parties and as reflected by Defendant's demand for arbitration (ECF No. 9-3), the claims in both forums appear to be based on the provision of ALM services and the parties' related disputes.[1] Even allowing for the possibility that some of Defendant's claims might be subject to arbitration, the question is whether the Court should enforce the order denying Defendant's motion to compel in a way that precludes Defendant from proceeding in arbitration at this time.

A court can take reasonable measures to enforce its orders. *See Kemp v. Peterson*, 940 F.2d 110, 113 (4th Cir. 1991) (reciting the general rule that "a court is authorized to issue all orders necessary to enforce orders it has previously issued in the exercise of its jurisdiction"); *Garcia v. Spaulding*, 324 F. Supp. 3d 228, 235 (D. Mass. 2018) ("A court has inherent authority to construe, interpret, and enforce . . . its own orders."). To ensure that the order denying Defendant's motion to compel arbitration remains in effect absent a contrary order from the First Circuit, and to preserve each party's ability to argue in the appropriate forum, following the First Circuit's decision, whether any portion of Defendant's asserted claims in arbitration are subject to arbitration, an enforcement order to maintain the status quo is warranted. To the extent Defendant argues to the contrary, the argument is inconsistent with judicial economy. If Defendant prevails on its appeal, the claims asserted in this case will be subject to arbitration. If the parties are to arbitrate any claims, the interests of judicial economy and common sense militate in favor of the

[1] Defendant appears to concede the substantive overlap: in its opposition to Plaintiff's motion, Defendant asserts that the "governing question" in the arbitration proceeding "is already on appeal." (Opp'n at 1.)

parties' obtaining direction from the First Circuit as to the scope of the arbitration before proceeding to arbitration.

**B. Preliminary Injunction**

As explained above, the Court's inherent authority to enforce its prior order permits the Court to order that the parties are not to participate in arbitration until further order of this Court or the First Circuit. Even if that were not the case, injunctive relief would be warranted.

**1. Likelihood of Success**

The likelihood of success is "'the touchstone of the preliminary injunction inquiry.'" *Graham*, 292 F. Supp. 2d at 156 (quoting *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir. 1988)). As discussed above, in denying the motion to compel, the Court determined that Plaintiff did not agree to arbitrate claims arising out of Defendant's provision of ALM services. The claims advanced by Defendant in the arbitration proceeding involve disputes over the ALM services. Plaintiff, therefore, has demonstrated a likelihood of success on its contention that it is not required to arbitrate Defendant's claims.

**2. Irreparable Harm**

Irreparable harm also "constitutes a necessary threshold showing for an award of preliminary injunctive relief." *Charlesbank*, 370 F.3d at 162. Plaintiff, as the moving party, bears the burden of demonstrating that a denial of interim relief is likely to result in irreparable harm. *Id.* "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in

store." *Id.* "Irreparable harm most often exists where a party has no adequate remedy at law." *Id.* That said, "the measure of irreparable harm is not a rigid one; it has been referred to as a sliding scale, working in conjunction with a moving party's likelihood of success on the merits." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009). The "sliding scale" does not, however, excuse entirely the requirement that some showing of irreparable harm be made. *Braintree Laboratories, Inc. v. Citigroup Global Mkts., Inc.*, 622 F.3d 36, 43 (1st Cir. 2010).

Applying the "sliding scale," this Court has previously signaled that a party seeking to enjoin a pending arbitration proceeding can establish irreparable harm by making a very strong case that the party did not agree to submit to arbitration. *See Graham*, 292 F. Supp. 2d at 159-60 & n.1 (quoting *Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 15 (1st Cir. 1994) for the proposition that under ordinary standards for injunctive relief, "irreparable injury is nominally required but courts are often generous where the complainant's claim on the merits is very strong").

As applied to the circumstances of this case, where Plaintiff seeks "only to preserve the status quo while the issue of arbitrability is on appeal," (Pl's Reply at 3, ECF No. 47), the "sliding scale" favors Plaintiff. Given Plaintiff's relatively strong showing of a likelihood of success on the merits, and given that without injunctive relief Plaintiff would be required to arbitrate disputes which this Court has determined that Plaintiff did not agree to arbitrate, Plaintiff has satisfied the irreparable harm requirement.

### 3. Remaining Factors

"Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents." *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579 (2017). The purpose of the remedy is not to "conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." *Id.* (citation omitted). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (quotation marks omitted).

Here, the balance of the equities supports Plaintiff's request for injunctive relief. The harm to Plaintiff of participating in a proceeding in which the Court has determined it is not required to participate is greater than any hardship to Defendant of a delay in that proceeding, particularly given that if Defendant prevails on its appeal, Plaintiff's claims will presumably be adjudicated in the arbitration proceeding that Defendant has initiated. In sum, the balance of the equities, and the public interest in the orderly adjudication of disputes, favor the entry of an injunction to preserve the status quo until the First Circuit rules on Defendant's appeal.[2]

[2] Plaintiff's request for injunctive relief pending appeal is arguably distinguishable from a request for an injunction pending trial, which relief would likely extend for a longer period. Here, the likely duration of the requested relief is a relevant consideration. *See* 16A Wright & Miller's Federal Practice & Procedure § 3954 (5th ed.) (indicating that the analysis of a motion for stay pending appeal is governed by a test that "resembles" the four-factor framework applicable to a request for a preliminary injunction "though the differences in posture mean that the two tests are not identical"); *id.* at nn.25-26 (collecting cases).

## CONCLUSION

Following a review of the record and after consideration of the parties' arguments, for the reasons explained above, the Court enforces its order denying Defendant's motion to compel arbitration and grants in part Plaintiff's motion for preliminary injunction as follows:[3] Unless and until this Court or the First Circuit stays, vacates, or alters this Court's order denying Defendant's motion to compel arbitration, the parties shall not participate in the arbitration proceeding that is the subject of Plaintiff's motion for preliminary injunction.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of September, 2026.

[3] The Court grants in part the motion because Plaintiff asked the Court to enjoin the arbitration proceeding. Although the Court is unpersuaded by Defendant's contention that, under 9 U.S.C. § 4, the Court lacks authority to enjoin the arbitration that Defendant commenced outside of the District of Maine, the Court need not resolve that issue. The Court has jurisdiction over Defendant to enforce the order denying Defendant's motion to compel arbitration and to enjoin Defendant from acting contrary to the order. This order, therefore, is directed to the parties and not to the arbitration proceeding.